IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CYNTHIA McDANIEL, Individually, and as guardian and conservator of KIRBY LEE McDANIEL, JR., an incapacitated person, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.: 1:12-cv-01470-RLV |
| v. | ) ) ) | |
| FORD MOTOR COMPANY, | ) ) | |
| Defendant. | ) | |

**FORD MOTOR COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION TO PRECLUDE EVIDENCE OF ALTERNATIVE DESIGN OR, IN THE ALTERNATIVE, MOTION TO COMPEL</u>**

COMES NOW Ford Motor Company ("Ford") and files this Memorandum of Law in Support of its Motion pursuant to FED. R. CIV. P. 37 related to evidence of alternative design, showing this Court as follows:

<u>**FACTS**</u>

Ford has asked Plaintiff several times to provide a clear answer as to whether they intend to present alternative design evidence to the jury. Effectively, Plaintiff has refused.

On June 27, 2012, Ford served its First Interrogatories and Requests for Production on Plaintiff seeking, *inter alia*, information and documentation related to any evidence of an alternative design that Plaintiff intended to introduce at

trial. Plaintiff responded on August 6, 2012. In accordance with LR 37.1, the relevant requests and responses are as follows:

> **Interrogatory No. 18:** Does Plaintiff contend that the injuries would have been eliminated or reduced by use of an alternative design of any component part of the subject vehicle? If so, please state specifically your alternative design, how such design is safer than the existing design, how such design is practical, and specifically if such alternative design was available for use by this Defendant at the time that it manufactured the Navigator made the basis of this lawsuit.
>
> Response: **Discovery is in its initial stages** and the Plaintiff is without complete and full discovery from this Defendant which precludes a complete answer to this interrogatory at this time. Additionally, Plaintiff state [sic] that the subject matter sought by this interrogatory is within the **realm of expert testimony** and that this interrogatory will be supplemented upon completion of discovery and the designation of Plaintiff' [sic] expert witnesses in accordance with the Court's Uniform Scheduling Order. Notwithstanding, pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff' [sic] counsel states that it is the Plaintiff' [sic] contention that the Plaintiff, Kirby McDaniel, Jr.'s injuries would have been reduced or eliminated had the roof of the vehicle not crushed down, and had the safety canopy side-curtain airbag deployed properly and had roll activated seatbelt pretension deployed that the Plaintiff's injuries would have been minimized or prevented in this foreseeable accident. Plaintiff's counsel states that had these defects with the vehicle not occurred, the Plaintiff, Kirby Lee McDaniel's injuries would have been minimized or completely prevented. This **interrogatory will be supplemented upon completion of discovery and upon designation of Plaintiff's expert witnesses** who will testify at the trial of this case.
>
> **Request for Production No. 11:** Any and all photographs, charges, drawings, diagrams, sketches, films, videotapes, recreations, simulations, blueprints, models, patents, or

>other images related to any alternative design you contend would have prevented the crash or the injuries sustained.
>
>Response:  **Discovery is in its initial stages** and the Plaintiff a [sic] without complete and full discovery from this Defendant which precludes a complete answer to this request at this time.  Additionally, Plaintiff states that the subject matter sought by this request is within the **realm of expert testimony** and that this **request will be supplemented upon completion of discovery and the designation of Plaintiff's expert witnesses** who will testify at the trial of this case in accordance with the Court's Uniform Scheduling Order.

(Ford's Interrogatories and Plaintiff's Responses thereto are collectively attached hereto as Exh. A; Ford's Requests for Production and Plaintiff's Responses thereto are collectively attached hereto as Exh. B)(Emphasis added).  In both responses, Plaintiff justified her failure to respond by: 1) stating discovery is in its initial stages; 2) stating this information is in the realm of expert testimony; and, 3) making a promise to supplement after discovery and designation of Plaintiff's expert witnesses.  Plaintiff disclosed experts on January 7, 2013; however, Plaintiff did not supplement these responses as promised.

On March 22, 2013, counsel for Ford sent a letter to Plaintiff's counsel identifying two discovery related issues in a good faith effort pursuant to FED. R. CIV. P. 37(a) to resolve any potential discovery dispute. (Exh. C).  The first issue Ford identified was a request that Plaintiff supplement Ford's

Interrogatory No. 18 and Request for Production No. 11. While Plaintiff's counsel responded by letter dated April 5, 2013 (Exh. D), he did not mention Plaintiff's responses to these discovery requests or otherwise indicate that Plaintiff would be supplementing them as requested (and as promised by Plaintiff).

After several communications between counsel for the parties, on April 26, 2013, Plaintiff served supplemental responses to Interrogatory No. 18 and Request for Production No. 11 (collectively attached hereto as Exh. E). Again, Plaintiff failed to answer the simple request for alternative design evidence: 1) with respect to the safety canopy claim, Plaintiff includes a non-responsive and heavily qualified narrative that does not state whether Plaintiff intends to introduce alternative design evidence at trial; and, 2) with respect to the roof/restraints claims Plaintiff does not provide any response.

## ARGUMENT AND CITATION OF AUTHORITY

**I. PLAINTIFF'S SHOULD BE BARRED FROM ALTERNATIVE DESIGN EVIDENCE AT TRIAL.**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

4

substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted).

At this stage in the litigation Plaintiff's failure to timely supplement a direct discovery requests seeking the identity of any such design(s) is exceedingly harmful and prejudicial to Ford. First, Ford was deprived of the opportunity to examine Plaintiff's expert witnesses during their deposition regarding a specific alternative design(s). *See, Walter Int'l Productions, Inc. v. Salinas*, 650 F.3d 1402, 1413 (11th Cir. 2011) (finding it harmful to deprive a party the benefit of information that would be contained in an expert report in advance of expert depositions).

Second, the deadline for Ford's expert disclosure was April 12, 2013, a deadline acutely on Ford's radar when it sent the letter of March 22, 2013 specifically requesting supplementation of Interrogatory No. 18 and Request for Production No. 11. Consequently, by failing to provide a response to these requests, Plaintiff has robbed Ford of the opportunity to respond meaningfully through expert reports to proposed alternative design(s) evidence. This type of prejudicial impact

5

is precisely the harm sought to be precluded by the affirmative obligation imposed by FED. R. CIV. P. 26(e) to supplement/correct all incomplete or incorrect information. *See, Pinero v. 4800 W. Flagler L.L.C.*, 430 F. App'x 866, 869 (11th Cir. 2011) (party precluded from presenting testimony from witness, and expert witness precluded from relying upon that witness' proffered testimony, due to party's failure to timely disclose identity of fact witness); *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1221 (11th Cir. 2010) (party precluded from presenting evidence of loss of goodwill damages due to failure to include it in initial disclosures or in response to an interrogatory seeking the identity of all claims of damages).

In short, despite the affirmative obligation imposed by the Federal Rules, Ford's specific requests for supplementation, and Plaintiff's own representation that she would supplement the responses, Plaintiff continues to refuse to provide the evidence, if any, of alternative design(s), or to otherwise indicate that no such evidence exists.  As such, this Court should preclude any such evidence at trial.

**II.   ALTERNATIVELY, PLAINTIFF SHOULD BE COMPELLED TO PROVIDE FULL AND COMPLETE ANSWERS.**

Alternatively, Ford respectfully requests pursuant to FED. R. CIV. P. 37(a) that this Court compel Plaintiff to provide the

requested discovery. If the Court should afford to Plaintiff another opportunity to respond, Ford respectfully requests the opportunity to re-depose Mr. Caruso and Mr. Sicher on these issues and supplement its own expert disclosures and, depending on the timing, expert disclosures to address new evidence.

**Ford respectfully requests that the discovery issues raised in foregoing Motion be addressed at the hearing scheduled to take place May 7, 2013 at 10:00 a.m.**

Respectfully submitted this 1st day of May, 2013.

/s/ *Michael R. Boorman, Esq.*
Michael R. Boorman, Esq.
Georgia Bar No. 067798
Audrey K. Berland, Esq.
Georgia Bar No. 591485

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, NE
Suite 950
Atlanta, Georgia 30309
Telephone: (404) 892-4022
Facsimile: (404) 892-4033
mboorman@huffpowellbailey.com
aberland@huffpowellbailey.com

Paul F. Malek, Esq.
*Admitted Pro Hac Vice*
Huie, Fernambucq & Stewart, LLP
2801 Highway 280 South
Protective Center, Suite 200
Birmingham, Alabama 35223
pmalek@huielaw.com

**FONT CERTIFICATE**

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

*/s/ Michael R. Boorman, Esq.*
Michael R. Boorman, Esq.
Georgia Bar No. 067798

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2013, I electronically filed the foregoing FORD MOTOR COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PRECLUDE EVIDENCE OF ALTERNATIVE DESIGN, OR IN THE ALTERNATIVE, MOTION TO COMPEL with the Clerk of the Court using the CM/ECF system which will automatically send email notification to the following attorneys of record:

M. Gino Brogdon, Sr., Esq.
Law Office of M. Gino Brogdon, Sr.
174 Walthall Street
Atlanta, Georgia 30316
mginob@gmail.com

R. Timothy Morrison, Esq.
M.J. Blakely, Jr., Esq.
Jay F. Hirsch, Esq.
Pope, McGlamry, Kilpatrick,
    Morrison & Norwood, PC
The Pinnacle, Suite 925
3455 Peachtree Road, N.E.
Atlanta, Georgia 30326-3243
efile@pmkm.com

Paul V. Kilpatrick, Esq.
David C. Rayfield, Esq.
Pope, McGlamry, Kilpatrick,
    Morrison & Norwood, PC
1111 Bay Avenue, Suite 450
Columbus, Georgia 31901-2412
efile@pmkm.com

Thomas P. Willingham, Esq.
Law Offices of Thomas Willingham, P.C.
3800 Colonnade Parkway
Suite 330
Birmingham, Alabama 35242
tom@tpwpc.com

/s/ *Michael R. Boorman, Esq.*
Michael R. Boorman, Esq.
Georgia Bar No. 067798
Audrey K. Berland, Esq.
Georgia Bar No. 591485